IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORT, INC.                                                                              PLAINTIFF

vs.                                              Case No. 5:23-cv-05094-TLB

AVTEX SOLUTIONS, LLC; TTEC DIGITAL,
LLC, and TTEC HOLDINGS, INC.                                                                          DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Avtex Solutions, LLC, TTEC Digital, LLC, and TTEC Holdings, Inc. (collectively and individually, "TTEC Defendants"), for their answer to plaintiff J.B. Hunt Transport, Inc.'s complaint, state:

1. TTEC Defendants deny each and every allegation contained in plaintiff J.B. Hunt Transport, Inc.'s complaint ("Complaint"), except for those allegations, statements, and assertions specifically admitted herein. TTEC Defendants admit upon information and belief Paragraph 1 of the Complaint.

2. TTEC Defendants admit Avtex Solutions, LLC was a limited liability company organized and existing under Minnesota law; TTEC Defendants deny the remainder of Paragraph 2 of the Complaint.

3. TTEC Defendants admit Paragraph 3 of the Complaint.

4. TTEC Defendants admit Paragraph 4 of the Complaint.

5. TTEC Defendants admit TTEC Digital, LLC is a wholly-owned subsidiary of TTEC Holdings, Inc., and that, on December 31, 2022, Avtex Solutions, LLC merged with and into TTEC Digital, LLC, such that Avtex Solutions, LLC no longer exists and TTEC Digital, LLC is the successor entity of Avtex Solutions, LLC. TTEC Defendants deny the remainder of Paragraph 5 of the Complaint as alleged.

6. TTEC Defendants deny Paragraph 6 of the Complaint as alleged, but admit this Court, the United States District Court, Western District of Arkansas, Fayetteville Division, has jurisdiction over the parties, including TTEC Digital, LLC and TTEC Holdings, Inc.

7. TTEC Defendants deny Paragraph 7 of the Complaint, but admit that this Court, the United States District Court, Western District of Arkansas, Fayetteville Division, has jurisdiction over the parties and subject matter of this case, and that venue is proper in this Court. Footnote 1 in Paragraph 7 does not contain factual allegations to which a response from TTEC Defendants is required.

8. TTEC Defendants deny Paragraph 8 of the Complaint, but admit that this Court, the United States District Court, Western District of Arkansas, Fayetteville Division, has jurisdiction over the parties and subject matter of this case, and that venue is proper in this Court.

9. TTEC Defendants admit that Avtex Solutions, LLC, was Microsoft Gold Certified at all times relevant to this matter, and that TTEC Defendants take the privacy of users and the security of their personal information seriously. TTEC Defendants deny the remainder of Paragraph 9 of the Complaint.

10. TTEC Defendants admit that in June 2019 plaintiff J.B. Hunt Transport, Inc., and Avtex Solutions, LLC entered into a written contract, the terms of which speak for themselves. TTEC Defendants deny the remainder of Paragraph 10 of the Complaint as alleged.

11. TTEC Defendants admit that in June 2019 plaintiff J.B. Hunt Transport, Inc., and Avtex Solutions, LLC entered into a written contract, the terms of which speak for themselves. TTEC Defendants deny the remainder of Paragraph 11 of the Complaint as alleged.

12. TTEC Defendants admit that in June 2019 plaintiff J.B. Hunt Transport, Inc., and Avtex Solutions, LLC entered into a written contract, the terms of which speak for themselves. TTEC Defendants deny the remainder of Paragraph 12 of the Complaint as alleged.

13. TTEC Defendants deny Paragraph 13 of the Complaint.

14. TTEC Defendants deny Paragraph 14 of the Complaint.

15. TTEC Defendants have insufficient information to admit or deny Paragraph 15 of the Complaint, and until further investigation and discovery is completed, Paragraph 15 is denied.

16. TTEC Defendants admit that in June 2019 plaintiff J.B. Hunt Transport, Inc., and Avtex Solutions, LLC entered into a written contract, the terms of which speak for themselves. TTEC Defendants deny the remainder of Paragraph 16 of the Complaint as alleged.

17. TTEC Defendants admit plaintiff J.B. Hunt Transport, Inc., has sought costs and expenses from Avtex Solutions, LLC, but deny the remainder of Paragraph 17 of the Complaint.

### Count I- Alleged Breach of Contract

18. TTEC Defendants deny Paragraph 18 of the Complaint.

19. TTEC Defendants deny Paragraph 19 of the Complaint.

20. TTEC Defendants deny Paragraph 20 of the Complaint.

### Count II- Alleged Negligence

21. TTEC Defendants deny Paragraph 21 of the Complaint as alleged. TTEC Defendants admit that in June 2019 plaintiff J.B. Hunt Transport, Inc., and Avtex Solutions, LLC entered into a written contract, the terms of which speak for themselves, including the duties owed by the parties to each other.

22. TTEC Defendants deny Paragraph 22 of the Complaint.

23. TTEC Defendants deny Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint does not contain factual allegations to which a response from TTEC Defendants is required. TTEC Defendants also request a trial by jury.

25. TTEC Defendants deny that plaintiff J.B. Hunt Transport, Inc., is entitled to any relief sought in the *ad damnum* ("WHEREFORE") clause of the Complaint.

## NOTICE OF NONPARTY FAULT

1. TTEC Defendants affirmatively state that plaintiff J.B. Hunt Transport Inc.'s damages, if any, may have been caused or contributed to by others over whom or which TTEC Defendants has or had no control, and TTEC Defendants affirmatively invoke their substantive right to have the finder of fact apportion fault to all joint tortfeasors, even if not parties to this action, and/or even if they enter into a settlement with plaintiff J.B. Hunt Transport, Inc., all as consistent with Ark. Code Ann. § 16-61-201, *et seq.,* as amended by Act 1116 of 2013; Rules 9 and 49 of the Arkansas Rules of Civil Procedure; and, Arkansas law. In particular, TTEC Defendants invoke their substantive right to have the finder of fact apportionment include the fault of Microsoft Corporation.

## AFFIRMATIVE DEFENSES

1. Pleading further and in the affirmative, if any damages were sustained by plaintiff J.B. Hunt Transport, Inc., they were caused by the fault or negligence of plaintiff J.B. Hunt Transport, Inc., or some other person or entity over whom or which TTEC Defendants had no control.

2. Pleading further and in the affirmative, TTEC Defendants assert the defenses of waiver, estoppel, plaintiff J.B. Hunt Transport, Inc.'s prior material breach, unclean hands, merger, contributory negligence, comparative fault, unjust enrichment, and equitable estoppel.

3.      Pleading further and in the affirmative, TTEC Defendants assert all defenses authorized by the United States Code Annotated and common law to the causes of action pled in the Complaint.

WHEREFORE, Avtex Solutions, LLC, TTEC Digital, LLC, and TTEC Holdings, Inc., pray that this Court enter judgment in their favor, dismiss plaintiff J.B. Hunt Transport, Inc.'s Complaint with prejudice, and award Avtex Solutions, LLC, TTEC Digital, LLC, and TTEC Holdings, Inc., all other proper relief, including but not limited to reasonable attorneys' fees and costs.

Brandon B. Cate
Ark. Bar No. 2001203
Meredith M. Causey
Ark. Bar No. 2012265
Vincent O. Chadick
Ark. Bar No. 94075
Andrew S. Dixon
Ark. Bar No. 2019193
*Attorneys for Defendants*
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile:  (479) 444-6647
E-Mail: bcate@qgtlaw.com
E-Mail: mcasuey@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: adixon@qgtlaw.com