UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORT, INC.                                                                      PLAINTIFF

vs.                                      Case No. 5:23-cv-05094-TLB

AVTEX SOLUTIONS, LLC; TTEC DIGITAL,
LLC; and TTEC HOLDINGS, INC.                                                              DEFENDANTS

**FIRST AMENDED COMPLAINT**

For its First Amended Complaint, the plaintiff states and alleges as follows:

1. The plaintiff is a corporation organized and existing under Georgia law that maintains its principal place of business in Benton County, Arkansas.

2. The defendant, Avtex Solutions, LLC ("Avtex"), is or was a limited liability company organized and existing under Minnesota law that maintains or maintained its principal place of business in Colorado.

3. The defendant, TTEC Digital, LLC ("TTEC Digital"), is a limited liability company organized and existing under Colorado law that maintains its principal place of business in Colorado.

4. The defendant, TTEC Holdings, Inc. ("TTEC Holdings"), is a corporation organized and existing under Delaware law that maintains its principal place of business in Colorado.

5. TTEC Digital is a wholly owned subsidiary of TTEC Holdings. TTEC Holdings acquired Avtex as a subsidiary and merged it into TTEC Digital. TTEC Holdings totally and completely controls all aspects of TTEC Digital and Avtex and operates TTEC Digital and Avtex as integrated segments or business units of its overall corporate enterprise. TTEC Digital and

1

Avtex's financials are consolidated and reported with the financials of TTEC Holdings' other wholly owned subsidiaries, segments, and/or business units. TTEC Holdings, TTEC Digital, and Avtex share or shared common corporate officers and/or directors. As a result, TTEC Holdings and TTEC Digital are liable to the plaintiff for the damages Avtex caused it as alleged herein.

6. The defendants regularly conduct business in Arkansas by selling software packages to and configuring/implementing same for businesses in Arkansas such as the plaintiff. On more than one occasion, the defendants sent their agents and employees into Arkansas for the specific purpose of conducting business with the plaintiff. The defendants have purposefully availed themselves of the laws of Arkansas and otherwise established minimum contacts in the State of Arkansas sufficient for this Court to exercise personal jurisdiction over them for purposes of this case.

7. Moreover, in paragraph 15 of the Master Service Agreement ("MSA") between the plaintiff and Avtex, the parties stipulated to the exclusive jurisdiction of this Court for the purpose of litigating all disputes related thereto or arising therefrom. That stipulation by Avtex is binding on TTEC Digital and TTEC Holdings.

8. This Court has jurisdiction over the parties and subject matter of this case, and venue is proper in this Court.

9. In March 2019, Microsoft engaged Avtex to design and implement an online driver recruiting system for the plaintiff. At all material times, Avtex held itself out to the public as a Microsoft Gold Certified and Managed Partner that worked closely with Microsoft to deliver complete solutions to their mutual customers. Avtex also represented to the public that it took the privacy of users and the security of their personal information very seriously.

10. In June 2019, the plaintiff and Avtex entered into a written contract (MSA and SOW) for Avtex to implement the Microsoft designed web-based driver recruiting portal for the plaintiff. Essentially, the portal allowed prospective truck drivers to apply online for jobs with the plaintiff. The application process required prospective drivers to submit their personally identifiable information ("PII") to the plaintiff (e.g. birth dates, social security numbers, home addresses, etc) via the portal.

11. The MSA required Avtex to perform the services requested by the plaintiff as specified in the SOW. The SOW specifically delegated responsibility for implementing the portal to Avtex including the requirements of the portal's data security, configuration, and technical support before and after the portal went live. The SOW expressly identified that one of the key business issues for Avtex to address was to "mitigate the risk of storing sensitive candidate information such as [PII] in personal email accounts." *SOW,* p. 6.

12. Avtex's scope of work also specifically included being responsible for implementing the plaintiff's list of 89 must have requirements of the system. Two of those specific requirements were (i) applicant PII provided during the recruiting and application process is secure given the damage that could occur should this information fall into unscrupulous hands, the system to ensure only those with roles requiring visibility see the applicant's PII and (ii) system administrators can grant and restrict access as appropriate given the user's role when setting up the user, the system to allow for the appropriate access to be granted. *SOW,* Appendix A.

13. The portal went live and was put in use by the plaintiff in late 2020. In July 2021, a third party cybersecurity firm notified the plaintiff of a security vulnerability that might allow

public access to information submitted through the portal.  The security vulnerability resulted from Avtex's failure to simply disenable an access feature within the portal framework it configured when it implemented the system for the plaintiff.

14. Avtex's elementary mistake was identified and corrected immediately thereafter, and the portal was secured before anyone's PII was accessed or compromised by any unknown third party.

15. As required by law, the plaintiff notified various attorney general's offices across the country of the security vulnerability.  Thereafter, several lawsuits were filed against the plaintiff in various jurisdictions.  All of those lawsuits were dismissed on legal grounds except for one lawsuit which the plaintiff settled for a reasonable amount.

16. Paragraph 11 of the MSA requires Avtex to "defend, indemnify, and hold harmless" the plaintiff "from and against all claims . . . liabilities, demands, damages, losses, costs, and expenses (including reasonable attorney's fees and investigative expenses), arising out of or resulting from provision of the Services . . .."

17. The plaintiff incurred substantial costs and expenses as a consequence of the security vulnerability Avtex created within the portal.  The plaintiff has demanded reimbursement of said costs and expenses from Avtex, but Avtex has refused to indemnify the plaintiff.

18. Avtex's acts and omissions as alleged herein of implementing the portal for the plaintiff in such a manner so that applicants' PII was not secure or protected from unauthorized access constitute a breach of the parties' contract.

19. Avtex's refusal to indemnify the plaintiff and reimburse it for all of the costs and expenses it incurred as a result of Avtex's acts and omissions as alleged herein also constitutes a


breach of the parties' contract.

20.  Avtex's breaches of the parties' contract as alleged herein proximately caused foreseeable and recoverable damages to the plaintiff in an amount to be proven at trial.

21.  The plaintiff requests a jury trial.

WHEREFORE, the plaintiff prays for a judgment against the defendants in an amount to be proven at trial with said amount to exceed the amount required to invoke the diversity jurisdiction of federal courts plus costs and attorney's fees and for all other relief to which it may prove itself entitled.

J.B. HUNT TRANSPORT, INC.
Plaintiff

By: _____
Jason H. Wales, # 97191
WALES & MIKESCH, PLLC
2961 N. Point Circle, Ste. 203
Fayetteville, AR 72704
(479) 439-8088
jason@wm-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically filed the foregoing with the Court Clerk using the CM/ECF system which will send notification of such filing to all attorneys of record.

_____
Jason H. Wales