**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**J.B. HUNT TRANSPORT, INC.**                                      **PLAINTIFF**

**v.**                             **CASE NO. 5:23-CV-5094**

**TTEC DIGITAL, LLC, Successor in Interest to
AVTEX SOLUTIONS, LLC; and TTEC HOLDINGS, INC.**       **DEFENDANTS**

**CASE MANAGEMENT ORDER**

A Case Management Hearing was conducted on October 11, 2023. After a review of the parties' Rule 26(f) Joint Report, and based on discussions with counsel during the hearing, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.**     **TRIAL SET DURING THE COURT'S AUGUST 19, 2024 TRIAL TERM**

The trial of this matter is scheduled for a **JURY TRIAL** in **FAYETTEVILLE, ARKANSAS**, at the call of the Court during a **Two Week Trial Term which begins on AUGUST 19, 2024,**[1] **at 9:00 a.m.** The parties have indicated that the case will take three (3) days to try. The case may be called up and tried at any point during the term**;** however, a more precise starting date will be set as the trial term approaches. If for some reason the case is "bumped" because the Court cannot accommodate all trials set for the term, then the case will be re-set and tried during the *"back-up"* **trial date which is set for the week of SEPTEMBER 23, 2024, at 9:00 a.m.**

---

[1]Mr. Wales presently has a week long jury trial set in Judge Scott's court on August 12-20, 2024, in Benton County, Arkansas. Mr. Wales should email Chambers with the status of his conflict on or before **JULY 12, 2024**.

The case will be tried to an **eight (8)** person jury–unanimous verdict required. Counsel are directed to report to **the Fifth-floor Courtroom by no later than 8:30 a.m.** on the first day of trial unless otherwise notified.

**2.    FINAL PRE-TRIAL CONFERENCE**

A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **AUGUST 9, 2024, beginning at 9:00 a.m.**

**3.    AMENDMENT OF PLEADINGS**

The deadline to seek leave to plead against a Third Party Defendant is **DECEMBER 11, 2023**. Otherwise, leave to amend pleadings and/or to add or substitute parties shall be sought no later than **JANUARY 11, 2024**.

**4.    EXPERT DISCLOSURES**

The deadline to provide expert witness disclosures and written reports pursuant to Rule 26(a)(2) is **FEBRUARY 9, 2024**. The deadline to provide disclosures and reports of rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **MARCH 11, 2024**.

**5.    DISCOVERY**

The discovery deadline is **APRIL 12, 2024**. The parties may conduct discovery beyond this date if all parties are in agreement to do so. To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery. That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response. Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

**6.      MOTION DEADLINES**

(a)      **Summary Judgment.** The deadline to file dispositive motions is **APRIL 19, 2024.**

(b)      *Daubert.* If applicable, *Daubert* and related expert disqualification motions should be filed no later than **APRIL 19, 2024**.

(c)      **Discovery Motions**. Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules. The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits). A response to a discovery motion, with the same page limitations, should be promptly filed.

(d)      **Motions in Limine** must be filed on or before **JULY 26, 2024.** Responses must be filed within seven (7) days thereafter. Motions submitted after the deadline may

be denied solely on that ground. Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court for good cause shown.

**7.      MEMORANDUM BRIEFS**

Page limits for discovery motions and liminal motions are noted above. Memorandum briefs filed in support or in response to other types of motions must not exceed **twenty-five (25) pages** in length, without leave of court and for good cause shown. Over-length briefs filed without advance leave may be stricken *sua sponte*. Reply briefs require leave of Court, except with respect to motions for summary judgment. Reply briefs must not exceed **seven (7) pages** in length.

**8.      SETTLEMENT CONFERENCE**

The parties are ordered to attend a Settlement Conference with Magistrate Judge Christy D. Comstock by no later than **FEBRUARY 15, 2024**. The exact date will be set by separate order.[2]

**9.      PRETRIAL DISCLOSURE SHEET**

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **JULY 12, 2024**, in a form consistent with the outline contained in Local Rule 26.2.

---

[2]By motion, for good cause shown, the parties may request to be excused from this requirement. "Good cause" will be established by a statement that the posture of the case is such that the parties believe settlement efforts would be futile and the parties intend to proceed to trial as scheduled.

10. **DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32**[3]

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **JULY 12, 2024**.  The opposing party must then provide notice of objections and/or counter-designations by **JULY 19, 2024**.  These designations and objections should not be filed with the Court, but rather exchanged by the parties.  The parties shall then confer in good faith to resolve any objections to designations.

Any unresolved objections shall be made by a joint written motion filed no later than **JULY 26, 2024**.  Instructions for preparing the joint motion and the form to be used are posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms.  Objections will be resolved during the Final Pre-Trial Conference.

11. **JURY INSTRUCTIONS**

The parties must confer in advance regarding proposed jury instructions in an attempt to narrow areas of disagreement.  The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers on or before **AUGUST 2, 2024**. Proposed verdict forms should be submitted as well.   Counsel should use model instructions whenever possible from the Eighth Circuit, AMI, or Federal Jury Practice and Instructions (5th Edition), as applicable, and should  note the source and/or basis of the instruction at the end of each instruction.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction  must submit it to the Court and to opposing counsel by the same date Agreed Instructions are due.   Such instructions should be clearly marked as

---

[3]Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

"[Plaintiff's/Defendant's] DISPUTED Instruction No. ___." The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).

The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms. Agreed and disputed instructions/verdict forms should be submitted electronically in WordPerfect or Word format to *tlbinfo@arwd.uscourts.gov*.

**12.   STATEMENT OF THE CASE**

Each party must submit via email by **AUGUST 2, 2024** a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length*, that it proposes the Court to read to the venire panel.

**13.   STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email by no later than **AUGUST 2, 2024**. Stipulations will be marked and received as a joint exhibit, and may be read/shown to the jury at an appropriate time(s) during the trial. The parties are encouraged to use stipulations as a means of establishing the chronology of significant events, and to otherwise narrow and simplify fact issues submitted to the jury.

**14.   WITNESS AND EXHIBIT LISTS**

Each party shall submit "final" witness and exhibit lists to the Court by no later than **AUGUST 2, 2024**. The lists should be in the format as posted on the Court's website at

http://www.arwd.uscourts.gov/judge-brooks-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.

Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits(numbered, indexed, and tabbed) to Chambers by no later than **AUGUST 9, 2024**.

15. **DEADLINES**

The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances.

16. **SUMMARY TABLE AND FORMS**

A table summarizing the deadlines is attached. In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is controlling. The forms are available for download on the Court's public website - http://www.arwd.uscourts.gov/judge-brooks-forms.

17. **COMMUNICATION WITH COURT REGARDING TRIAL OR SETTLEMENT**

Settlements should be immediately reported to the Court.[4] Please communicate any late developing settlement or problems/issues (*i.e.* over the weekend prior to trial) to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*. If notice of settlement is received after **1:00 p.m. on AUGUST 16, 2024**, the parties will be assessed any costs associated with the Court's inability to timely recall the jury panel from reporting. The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

**IT IS SO ORDERED** this 16th day of October, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[4]This is especially true when there are ripe motions pending. Prompt notification is also of great help to the Court in the management of remaining cases set for a given trial term.

## DATES AND DEADLINES

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 8/9/24 |
| **TRIAL DATE (Two Week Trial Term beginning on)** | **8/19/24** |
| "BACK-UP" TRIAL DATE | 9/23/24 |
| **DISCOVERY** | |
| AMEND PLEADINGS/ADD OR SUBSTITUTE PARTIES | 1/11/24 |
| EXPERT WITNESS DISCLOSURES/REPORTS | 2/9/24 |
| REBUTTAL EXPERT WITNESS DISCLOSURES/REPORTS | 3/11/24 |
| **DISCOVERY DEADLINE** | **4/12/24** |
| **MOTIONS** | |
| **DISPOSITIVE MOTIONS** | **4/19/24** |
| DAUBERT AND RELATED MOTIONS REGARDING EXPERT OPINION TESTIMONY (if applicable) | 4/19/24 |
| **SETTLEMENT CONFERENCE** | |
| SETTLEMENT CONFERENCE (to be separately scheduled no later than) | 2/15/24 |
| **FINAL TRIAL PREPARATIONS** | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 7/12/24 |
| MOTIONS IN LIMINE | 7/26/24 |
| DEPOSITION DESIGNATIONS (exchanged) | 7/12/24 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 7/19/24 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 7/26/24 |
| JURY INSTRUCTIONS (submitted to the Court via email) | 8/2/24 |
| STATEMENT OF THE CASE (submitted to the Court via email) | 8/2/24 |
| STIPULATIONS (submitted to the Court via email) | 8/2/24 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 8/2/24 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 8/9/24 |