IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| GEORGE WILSON, THORNELL BROWN, AARON FOWLER, CASEY JENKINS, CURTIS SIMPKINS, and CHARLES BAKER,<br><br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>Defendant. | Case No.: 5:21-cv-05194-TLB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT J.B. HUNT TRANSPORT, INC.'S MOTION TO DISMISS OR TO STRIKE CLASS ALLEGATIONS**

| | |
|---|---|
| Michael W. McTigue Jr. (*pro hac vice*)<br>Meredith C. Slawe (*pro hac vice*)<br>Colm P. McInerney (*pro hac vice*)<br>Hannah C. Sowell (*pro hac vice*)<br>**SKADDEN, ARPS, SLATE,**<br>**MEAGHER & FLOM LLP**<br>One Manhattan West<br>New York, NY 10001<br>Telephone: (212) 735-3000<br>Facsimile: (212) 735-2000 | Karen P. Freeman (Ark. Bar No. 2009094)<br>Colt D. Galloway (Ark. Bar No. 2016212)<br>**MITCHELL, WILLIAMS, SELIG,**<br>**GATES & WOODYARD, P.L.L.C.**<br>4206 South J.B. Hunt Drive, Suite 200<br>Rogers, AR 72758<br>Telephone: (479) 464-5682<br>Facsimile: (479) 464-5680 |

*Attorneys for Defendant J.B. Hunt Transport, Inc.*



EXHIBIT 4

to "prevent[] data breaches by detecting and remediating vulnerabilities across the attack surface before they're discovered by cybercriminals."[11]

On July 2, 2021, UpGuard brought to J.B. Hunt's attention a vulnerability in the Microsoft Power Apps portal that J.B. Hunt was using for driver recruitment. *See* SCC ¶ 9; *By Design: How Default Permissions on Microsoft Power Apps Exposed Millions*, UpGuard (Aug. 23, 2021), https://www.upguard.com/breaches/power-apps ("UpGuard Report") (discussed at SCC ¶¶ 7, 9, 43–45, 47, 55), at p. 6. The UpGuard Report is attached as Ex. A to the Declaration of Michael W. McTigue Jr. In Support of Defendant J.B. Hunt Transport, Inc.'s Motion To Dismiss Or To Strike Class Allegations, dated March 31, 2022 ("McTigue Declaration" or "McTigue Decl.").[12]

In the UpGuard Report, UpGuard detailed its research on vulnerabilities associated with Microsoft Power Apps and provided targeted observations for several entities, including American Airlines, Ford, J.B. Hunt, and various governmental entities that used the Microsoft Power Apps. *See* McTigue Decl., Ex. A at pp. 5-10. Specifically, J.B. Hunt learned that when configured using default settings, the Microsoft Power Apps portal might enable public access to certain data. *See* SCC ¶¶ 5, 38, 46, Ex. 1. Upon receipt of UpGuard's notification and consistent with security procedures routinely used to manage critical business systems, J.B. Hunt promptly changed the configuration, secured the Portal, and took additional steps to prevent similar vulnerabilities in the

---

[11] Abi Tyas Tunggal, *What Is The Cost of a Data Breach in 2021?*, UpGuard, (Sept. 21, 2021), https://www.upguard.com/blog/cost-of-data-breach (under "UpGuard Can Prevent Data Breaches and Shut Down Data Leaks").

[12] For ease of reference, page numbers have been added to the exhibit. J.B. Hunt does not affirm the accuracy of the UpGuard Report; rather, it exhibits the UpGuard Report as material "necessarily embraced by the pleadings" (as it is discussed in the SCC) and which this Court may therefore consider in deciding this Motion. *Buckley v. Hennepin County*, 9 F.4th 757, 760 (8th Cir. 2021) (citation omitted). J.B. Hunt expressly reserves the right to contest any portion of the UpGuard Report should this matter proceed beyond the pleadings.

8

future. *Id.* ¶ 38, Ex. 1. UpGuard has since independently confirmed that J.B. Hunt "secured" the Microsoft Power Apps portal on its Portal by July 7, 2021. *See* McTigue Decl., Ex. A at p. 6.

On August 23, 2021, and while J.B. Hunt was still in the process of investigating the incident, UpGuard publicly disclosed the Microsoft Power Apps vulnerability and the Security Vulnerability for the first time by way of the UpGuard Report. SCC ¶ 43. UpGuard expressed the view that the potential vulnerability in the Microsoft Powers App that led to the Security Vulnerability was neither "adequately publicized," "adequately appreciated," nor readily detectable prior to its reporting. McTigue Decl., Ex. A at p. 2. Indeed, according to UpGuard, "multiple governmental bodies reported performing security reviews of their apps without identifying this issue." *Id.* UpGuard also stated that "Microsoft has since made changes to Power Apps portals such that table permissions are enabled by default," thereby eliminating the vulnerability for Microsoft Power Apps users going forward. *Id.*

J.B. Hunt completed its investigation into the Security Vulnerability by October 18, 2021. SCC ¶ 38, Ex. 1 at 1. Through this investigation, it determined that while certain applicant and employee information "could have been" accessible between August 17, 2020 and July 2, 2021, *see id.* at 1 (disclosing extent of Security Vulnerability), it found no evidence that any unknown third party had accessed its systems or that any data was otherwise compromised.

Nonetheless, and acting as a good corporate citizen, J.B. Hunt sent notice of the Security Vulnerability to the relevant states' attorneys general and to individuals whose PII could have been accessible during the Security Vulnerability ("Notice Letters"). *Id.* ¶¶ 38–39, Ex. 1. These Notice Letters disclosed the Security Vulnerability and stated that "[u]pon learning of the incident," J.B. Hunt had "immediately t[aken] steps to secure the portal." *Id.* ¶ 38, Ex. 1. The Notice Letters also included an offer of a complimentary one-year membership to Experian's® IdentityWorks<sup>SM</sup>

9

identity protection services. *Id.* At no point did J.B. Hunt indicate (and there is no evidence) that any unknown third party *had accessed* any job applicant's PII. *See id.*

### III. Plaintiffs Manufacture Litigation Based on the Notice Letters.

Plaintiffs are J.B. Hunt job applicants. SCC ¶¶ 75, 84, 92, 103, 114, 124. They allege that they provided their "PII" to J.B. Hunt when they "created an account to apply for employment" with J.B. Hunt or when "submitting [an] application" for employment with J.B. Hunt. *Id.* Of the six named Plaintiffs, only Plaintiff Baker was subsequently employed by J.B. Hunt.[13] *See id.* ¶¶ 93, 104, 114, 125.

Plaintiffs allegedly received copies of the Notice Letter on or around October 18, 2021. *Id.* ¶¶ 76, 85, 94, 105, 115, 126. A mere two weeks later, on November 1, 2021 and November 4, 2021, respectively, Plaintiffs Wilson and Brown filed separate—though in many places containing identical allegations—putative class action complaints in this U.S. District Court (albeit in different divisions) arising out of J.B. Hunt's alleged "failure to properly secure and safeguard" PII. Compl. ¶ 1, *Wilson v. J.B. Hunt Transport, Inc.*, No. 5:21-cv-05194-TLB (W.D. Ark. Nov. 1, 2021), Dkt. No. 2; Compl. ¶ 1, *Brown v. J.B. Hunt Logistics, Inc.*, No. 4:21-cv-04081-TLB (W.D. Ark. Nov. 4, 2021), Dkt. No. 2. Separately, by letters dated October 27, 2021 and November 9, 2021, Plaintiff Brown purported to provide notice to J.B. Hunt and its affiliate, J.B. Hunt Logistics, Inc., that J.B. Hunt had violated the CCPA and requested that J.B. Hunt cure the alleged violation. *See* SCC ¶ 234.[14] No response was necessary, as J.B. Hunt had already, through the Notice Letter, provided Plaintiff Brown an "express written statement that the violations have been cured." Cal.

---

[13] Plaintiff Simpkins alleges that he was employed by J.B. Hunt prior to 2020, but that he has not been re-employed since submitting a job application in 2020 containing his PII. SCC ¶ 114.

[14] Copies of these letters are attached as Exhibits B and C to the McTigue Declaration. The October 27, 2021 letter (Ex. B) is also referenced in the SCC. *See* SCC ¶ 234.

10

## **CONCLUSION**

For all of the above reasons, J.B. Hunt respectfully requests that this Court grant its motion and dismiss Plaintiffs' SCC with prejudice or, in the alternative, strike Plaintiffs' class allegations.

Dated: March 31, 2022

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.* (*pro hac vice*)
Meredith C. Slawe* (*pro hac vice*)
Colm P. McInerney (*pro hac vice*)
Hannah C. Sowell (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
colm.mcinerney@skadden.com
hannah.sowell@skadden.com

*Admitted to Practice in Pennsylvania and New Jersey; Not Admitted in New York

Karen P. Freeman (Ark. Bar No. 2009094)
Colt D. Galloway (Ark. Bar No. 2016212)
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Telephone: (479) 464-5682
Facsimile: (479) 464-5680
kfreeman@mwlaw.com
cgalloway@mwlaw.com

*Attorneys for Defendant J.B. Hunt Transport, Inc.*