IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| GEORGE WILSON, THORNELL BROWN, AARON FOWLER, CASEY JENKINS, CURTIS SIMPKINS, and CHARLES BAKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>Defendant. | Case No.: 5:21-cv-05194-TLB<br><br>Hon. Timothy L. Brooks |

## PARTIES' JOINT RULE 26(f) PLANNING REPORT

Plaintiffs, George Wilson, Thornell Brown, Aaron Fowler, Casey Jenkins, Curtis Simpkins, and Charles Baker ("Plaintiffs"), and Defendant J.B. Hunt Transport, Inc. ("Defendant") (together, the "Parties") by and through their undersigned counsel, pursuant to the Amended Initial Scheduling Order (Dkt. 52), jointly and respectfully submit this Rule 26(f) Planning Report and state as follows:

1. **Plaintiffs' Statement of the Case:**

Plaintiffs' Second Amended Consolidated Class Action Complaint ("CAC") alleges that Defendant publicly exposed the personally identifiable information ("PII") of more than 231,000 job applicants. Defendant required job applicants to submit their most sensitive PII, including their names and social security numbers, to be considered for employment. Without notice or disclosure, Defendant then stored and retained this PII using third-party software—even after any employment relationship ended, and even if the applicant was rejected for employment. Due to Defendant's failure to properly configure its use of the third-party software utilized to collect and store its job


EXHIBIT 6

applicants' PII, such PII was continuously and publicly exposed for more than eleven months (the "Data Breach"). Despite learning of the Data Breach by July 2, 2021, Defendant failed to notify or inform Plaintiffs and Class Members until October 2021—and then only after reports of the Data Breach were published.

In their CAC, Plaintiffs allege that their PII was both accessed and misused, and was not merely made available. Plaintiffs bring five common law claims on behalf of a Nationwide Class and four claims for violation of state statutes on behalf of three state-specific Subclasses. These include (i) negligence; (ii) breach of implied contract; (iii) invasion of privacy; (iv) breach of confidence; (v) unjust enrichment; (vi) violation of the California Consumer Privacy Act; (vii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (viii) violation of the Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 510/2, *et seq.*; and (ix) violation of the Georgia Deceptive Trade Practices Act, Ga. Code Ann §§ 10-1-370, *et seq.*

**2.  Defendant's Statement of the Case:**

On July 2, 2021, cybersecurity firm UpGuard, Inc. ("UpGuard") notified Defendant J.B. Hunt of a security vulnerability that existed on the third-party application – "Microsoft Power Apps" – that J.B. Hunt and numerous other businesses and government entities used (the "Security Vulnerability"). J.B. Hunt used the application for its web-based driver-recruiting portal (the "Portal"). J.B. Hunt promptly remedied the Security Vulnerability, and its subsequent investigation found no evidence that any unknown third party had accessed J.B. Hunt's systems or that any personal identifying information ("PII") contained on those systems had been compromised. Nevertheless, out of an abundance of caution, J.B. Hunt notified Portal users and State Attorneys General of the Security Vulnerability and the steps it had taken to resolve it ("Notice Letters").

Plaintiffs nonetheless allege that, because of the Security Vulnerability, "unauthorized users *had the opportunity* to easily access and obtain Plaintiffs' and Class Members' PII." Plaintiffs' Opposition To Defendant's Motion To Dismiss Or To Strike Class Allegations (Dkt. No. 53) at 3 (emphasis added) (citing CAC ¶¶ 5-6, 13).

J.B. Hunt has moved to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction and failure to state a claim or, in the alternative, to strike Plaintiffs' class allegations ("Motion To Dismiss"). There are no plausible allegations that any unknown third party accessed the data contained in the Portal (much less stole or misused it). Thus, Plaintiffs have not sustained any injury-in-fact sufficient to confer Article III standing, much less an injury fairly traceable to the Security Vulnerability. J.B. Hunt's Notice Letters accurately stated merely that Plaintiffs' data "could have been" accessible, not that it was accessed, and that J.B. Hunt had immediately secured the Portal upon learning of the Security Vulnerability to prevent unauthorized access. A report published by UpGuard confirmed that J.B. Hunt "secured" the Portal after notification of the Security Vulnerability. In the alternative, Plaintiffs' class allegations should be stricken because individual issues of standing, injury, and damages will predominate, and there are no viable claims for injunctive relief.

3. **Are there any Objections pursuant to Rule 26(a)(1)(C) to providing the required Initial Disclosures?**

Plaintiffs: No.

Defendant: No.

4. **Are there any Objections to the timing of Rule 26(a)(1) Initial Disclosures:**

Plaintiffs: No.

Defendant: No.

Dated: June 24, 2022

/s/ *Jean S. Martin*
Jean S. Martin (*pro hac vice*)
Francesca Kester (*pro hac vice*)
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813/223-5505
jmartin@forthepeople.com
fkester@forthepeople.com

David L. Gerbie (*pro hac vice* to be filed)
Brendan J. Duffner (*pro hac vice*)
Steven R. Beckham (*pro hac vice*)
**McGUIRE LAW, P.C.**
55 West Wacker Dr., 9th Fl.
Tel: (312) 893-7002
dgerbie@mcgpc.com
bduffner@mcgpc.com
sbeckham@mcgpc.com

M. Anderson Berry (*pro hac vice*)
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829

Joseph Henry (Hank) Bates , III
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St. Little Rock, AR 72201
Tel: 501-312-8500
Fax: 501-312-8505
Email: hbates@cbplaw.com

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ *Michael W. McTigue Jr.*
Michael W. McTigue Jr. (*pro hac vice*)*
Meredith C. Slawe (*pro hac vice*)*
Colm P. McInerney (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Admitted in Pennsylvania and New Jersey; not admitted in New York

Karen P. Freeman (Ark. Bar No. 2009094)
Colt D. Galloway (Ark. Bar No. 2016212)
**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, AR 72758
Telephone: (479) 464-5682
Facsimile: (479) 464-5680

*Counsel for Defendant J.B. Hunt Transport, Inc.*