UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORT, INC.                                                    PLAINTIFF

vs.                               Case No. 5:23-cv-05094-TLB

TTEC DIGITAL, LLC, Successor in Interest to
AVTEX SOLUTIONSLLC, and TTEC HOLDINGS, INC.                  DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR,
ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is a rather straight-forward case. There is a very broad indemnification provision in the parties' contract in favor of the plaintiff. Despite the defendants' clear contractual obligation to indemnify the plaintiff for the financial losses it suffered arising out of or resulting from the Services Avtex provided, the defendants intentionally breached the parties' contract by refusing to do so.

As a result of the Services Avtex provided to it, the plaintiff became ensnared by different notice requirements mandated by various states' laws and got sued in 4 different lawsuits in 3 different states. It incurred legal expenses totaling $1,604,639.70 to (i) identify and comply with its legal obligation to provide required notices to job applicants in multiple states who submitted their PII through the Portal and (ii) defend the 4 lawsuits which eventually shrank to the class action *Wilson* Case in this Court (which the plaintiff won) and the non-class action *Ames* case in Missouri (which the plaintiff settled for $3,000). *See* Exhibit B, Affidavit of Eric McConnell. Thus, the plaintiff suffered recoverable damages totaling $1,607,639.70 for which it is entitled to indemnification from the defendants per Section 11.1 of the Master Service Agreement.

1

The plaintiff is entitled to a judgment as a matter of law against the defendants for breach of contract in the amount of $1,607,639.70 plus pre-judgment interest at 7.5%[1] per annum from May 17, 2023[2] to the date summary judgment is entered, costs as allowed by Fed. R. Civ. P. 54, and attorney's fees[3] in an amount to be awarded by the Court.

## I. Standard

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate if, after viewing the facts and reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Nat'l Bank of Comm. v. Dow Chem. Co.,* 165 F.3d 602 (8th Cir. 1999). A fact is material if it may affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).

The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). It must show there is sufficient evidence to support a jury verdict in its favor. *Nat'l Bank of Comm. v. Dow Chem. Co.,* 165 F.3d 602 (8th Cir. 1999).

---

[1] Ark. Code Ann. § 16-65-114.

[2] The date the plaintiff filed its Complaint in Benton County Circuit Court.

[3] Ark. Code Ann. § 16-22-308.

To prove breach of contract, there must be a valid and enforceable contract between the parties. *Hill v. Hartness,* 2017 Ark. App. 664, 536 S.W.3d 649 (2017). The Master Service Agreement and Statement of Work constitute a valid and enforceable contract; neither party argues otherwise. There must also be a breach of the agreement and resulting damages. *Jones v. John B. Dozier Land Trust,* 2017 Ark. App. 23, 511 S.W.3d 869 (2017).

Arkansas courts give contractual language the meaning the parties intended. *Alexander v. McEwen,* 367 Ark. 241, 239 S.W.3d 519 (2006). They consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. *Id.* If contractual terms are reasonably certain the contract is enforceable. *Key v. Coryell,* 86 Ark. App. 334, 185 S.W.3d 98 (2004). Parties need not have identical opinions on the terms. *Dziga v. Muradian Business Brokers, Inc.,* 28 Ark. App. 241, 773 S.W.2d 106 (1989). Any ambiguity in the parties' contract is to be construed against the defendants because they drafted it. AMI 2424.

## II. Argument

**The defendants are liable for the plaintiff's damages because they refused to indemnify the plaintiff from the financial losses it sustained as a result of Avtex's provision of Services**

Section 11.1 of the Master Service Agreement is plain and unambiguous. It provides as follows:

> [Avtex] agrees to defend, indemnify and hold harmless [the plaintiff] . . . from and against all claims . . . liabilities, demands, damages, losses, costs, and expenses (including reasonable attorney's fees and investigative expenses), arising out of or resulting from provision of the Services . . ..

3

There is no doubt Avtex was responsible for implementing the Portal in the manner required by the Statement of Work. There is no doubt the plaintiff faced claims, liabilities, and demands and incurred damages, losses, costs, and expenses arising out of or related to a security vulnerability within the Portal. All 4 lawsuits obviously arose out of or resulted from the security vulnerability within the Portal Avtex implemented for the plaintiff.

As explained by the plaintiff's expert witness, Tomas A. Mars, the plaintiff's decisions to hire lawyers in New York City to (i) investigate and advise it as to its legal obligations in multiple states arising from the security vulnerability within the Portal Avtex implemented for the plaintiff and (ii) defend the four lawsuits filed against it in three different states and pay the higher hourly rates customarily charged by lawyers in New York City were reasonable under the circumstances. *See* Exhibit C-1, Expert Report of Thomas A. Mars. If the Court grants the plaintiff's Motion to Exclude the Testimony of Jack Butt, the defendants will have no expert testimony to contradict Mr. Mars' expert testimony on the issue of reasonableness and will be unable to meet their burden of proof set forth above. Thus, the plaintiff will be entitled to a judgment as a matter of law in the amount of $1,607,639.70 plus pre-judgment interest, costs, and attorney's fees.

Even if the Court denies the plaintiff's Motion to Exclude the Testimony of Jack Butt, the plaintiff will still be entitled to a judgment as a matter of law on the issue of liability for breach of contract with the amount of the plaintiff's damages being left for the jury to determine at trial.

J.B. HUNT TRANSPORT, INC.
Plaintiff

By: Jason H. Wales, # 97191
WALES & MIKESCH, PLLC
2909 E. Glory Dr., Ste. 113
Fayetteville, AR 72703
(479) 439-8088
jason@wm-lawyers.com